IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Randall Loyis Simpson, | ) | Case No.: 6:24-cv-05948-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Amanda Medford, David Bowens, | ) | |
| Warden Sharp, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 8), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Plaintiff Randall Loyis Simpson's ("Plaintiff" or "Simpson") pleadings and motion to proceed *in forma pauperis*.[1] (DE 2.)

**A. Background**

Simpson, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") brought this action *pro se* under 42 U.S.C. § 1983, alleging Defendants Amanda Medford ("Medford"), David Bowens ("Dr. Bowens"), and Warden Sharp (collectively "Defendants") violated his Fifth, Eighth, and Fourteenth

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Amendment rights while he was incarcerated at the Turbeville Correctional Institution ("Turbeville"). (DE 1.)

Simpson alleges that he was denied dental treatment by Defendants Dr. Bowens and Dr. Medford at Turbeville. (*Id.* at 5–6.) Plaintiff alleges that he was scheduled to see the dentist in December 2023 to have teeth pulled (while located at Kirkland Correctional Institution), but he was transferred to Turbeville before his appointment. (*Id.* at 8, 9.) Plaintiff contends that once at Turbeville he began asking for dental treatment and was told that he was on the list but that they were backed up. (*Id.* at 9–10.) Plaintiff was not provided dental treatment but did require pain medication and antibiotics due to his infected teeth. (*Id.* at 10–11.) Plaintiff contends that the infection spread to his ear and that he has started putting urine in his ear to make the infection better. (*Id.* at 11.) Plaintiff alleges that when he goes to medical, he is given more medications, but he cannot continue taking medications because of his liver. (*Id.* at 12–13.) Plaintiff contends that he has been told he is on the list to see the dentist, but it has been months and he still has not had his teeth pulled. (*Id.* at 13.) Plaintiff's injuries include infections in his mouth, ear infections, pain, and emotional distress. (*Id.* at 15, 16.) For relief, Plaintiff seeks money damages. (*Id.* at 17.)

Plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Plaintiff has moved to proceed *in forma pauperis*. However, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the

complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Accordingly, the Magistrate Judge conducted a pre-screening of this matter.

### B. Report and Recommendation

On November 12, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied and that Simpson be provided twenty-one (21) days to pay the filing fee of $405.00 or the case will be dismissed. (DE 8.) The Report found that Plaintiff is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), which provides:

> In **no event** shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added.) The Report said from 2019-2020, Simpson had brought more than three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g).[2] Plaintiff did not object to the Report.

---

[2]    *See Simpson v. Johnson, et al.*, C/A No. 6:19-cv-02982-JMC, 2021 WL 5200205 (D.S.C. Nov. 9, 2021) (dismissing civil action for failure to state a claim); *Simpson v. Wilson, et al.*, C/A No. 6:20-cv-02604-JMC, 2020 WL 7695958 (D.S.C. Dec. 28, 2020) (dismissing civil action for failure to state a claim); *Simpson v. White*, C/A No. 6:20-cv-01825-JMC, 2020 WL 5534284 (D.S.C. Sept. 15, 2020) (dismissing civil action for failure to state a claim); *Simpson v. Scott, et al.*, C/A No. 6:19-cv-02948-SAL, 2020 WL 886136 (D.S.C. Feb. 24, 2020) (dismissing civil action for failure to state a claim); *Simpson v. Florence Cnty. Complex Solic. Off., et al.*, C/A No. 4:19-cv-03095-JMC, 2019 WL 7288801 (D.S.C. Dec. 30, 2019) (dismissing civil action for failure to state a claim).

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Simpson has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 8) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* is denied, and Plaintiff shall have twenty-one (21) days from the date of this order to pay the filing fee of $405.00 or the case will be dismissed without further action of this Court.

**IT IS SO ORDERED**.

                                                 Joseph Dawson, III
                                                 United States District Judge

Florence, South Carolina
January 21, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.